EASTERN DIST.
*March*, 1839.

HOSEA'S WIDOW
AND HEIRS
*vs.*
MILES.

HOSEA'S WIDOW AND HEIRS *vs.* MILES.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF POINT COUPEE, THE JUDGE THEREOF PRESIDING.

An exception putting at issue the capacity of the plaintiff to sue, is a matter of fact which may properly be submitted to a jury with the other matters of defence, on the merits; the whole being peremptory exceptions.

The facts on which a continuance is asked should be established by affidavit.

Heirship may be established by parole evidence.

A verdict "*for the plaintiff*," without stating for what amount or object, is incorrect, and should be set aside, and a new trial granted.

A verdict and judgment which are deficient in the forms required by law, will be annulled and set aside; but when this court is in possession of all the facts and evidence necessary to pronounce definitively in a case, it will render such judgment as should have been given in the court below, on the merits.

This is an action by the widow and heirs of Thomas N. Hosea, deceased, on a promissory note for five hundred dollars, executed by the defendant, and made payable to the order of the deceased, at the office of discount and deposit of the Bank of Louisiana, in St. Francisville, in all the month of March, 1838.   The plaintiffs pray judgment for the amount of the note, etc.

EASTERN DIST.    The defendant excepted to the plaintiffs' action, and denied
*March*, 1839.  that Mrs. Hosea was the widow and in community with the
HOSEA'S WIDOW   late Thomas N. Hosea, the payee of the note sued on, or
AND HEIRS       that she was tutrix of his children, and that they were not
*vs.*           his heirs, and not entitled to sue in this case.  He then
MILES.          pleaded a general denial, and prayed that the suit be dis-
missed.    There was also a plea of failure of consideration.

Upon these pleadings and issues the cause was submitted
to a jury, on the evidence produced by the parties,
who returned a verdict as follows :  " Verdict in favor of
plaintiffs."    Upon this, the following judgment was pro-
nounced :   " By reason of the verdict of a jury first had, and
the law and evidence being in favor of the plaintiffs ; it is,
therefore, ordered, etc., that they recover the sum of five
hundred dollars, etc."

After an unsuccessful attempt to obtain a new trial, the
defendants appealed.

*Patterson,* for the plaintiffs, prayed that the judgment be
affirmed, with ten per cent. damages, and costs.

*Stevens,* for the defendants and appellants, urged various
objections to the form of the verdict and judgment, and to
the insufficiency of the evidence offered by the plaintiffs in
support of their capacity to sue, and the validity of their
demand.

*Martin, J.,* delivered the opinion of the court.

The defendant complains of the judgment on the follow-
ing grounds ;

1. The court cumulated the exceptions with the merits,
and ordered them to be tried together.

2. A continuance was improperly refused.

3. Parole evidence of heirship was improperly received.

4. It did not establish the heirship.

5. The verdict is illegal, null and void.

6. The judgment is illegal, there being no evidence of the
costs of protest.

I. On the first point, we are referred to the Code of Practice, article 344, which does not appear to relate to the subject. The defendant was sued on a note, which he had given to the late husband and father of the present plaintiffs. The exception was, that the plaintiffs were not the widow and heirs of the payee of the note. The general issue was also pleaded. The capacity of the plaintiffs, as widow and heirs, was a matter of fact, which was properly submitted to the jury, with the other part of the defence ; the whole being peremptory exceptions.

II. The record does not show that the facts on which the continuance was asked were established by an affidavit.

III. Children can seldom establish the relation in which they stand to their parents, otherwise than by parole.

IV. The testimony clearly establishes the heirship.

V. The verdict is in the following words : "*Verdict in favor of plaintiffs.*" The Code of Practice says, the form of a general verdict consists in the foreman endorsing on the back of the petition these words, "Verdict for the plaintiff, for so much." *Article 552.*

The verdict was, in our opinion, incorrect, and the judge erred in refusing the new trial which was asked on that ground.

VI. The judgment is illegal, because it contains none of the reasons on which it is grounded ; and the costs of the protest and notices are not supported by evidence. It must, therefore, be annulled and reversed.

The Code of Practice, article 905, provides, that when the Supreme Court reverses the judgment of an inferior court, it shall pronounce on the case the judgment which the lower court should have rendered, if it be in possession of all the facts and testimony to enable it to pronounce definitively. In the present case, the evidence shows that the plaintiffs are the widow and heirs of defendants creditor, and that the note sued on is that of the defendant. This the jury have found. For a verdict for the plaintiff, if it establish any thing, establishes that the jury find that the facts, on which the plaintiff claims, are proved, and the verdict is deficient

EASTERN DIST.
*March*, 1839.

HOSEA'S WIDOW
AND HEIRS
*vs.*
MILES.

An exception putting at issue the capacity of the plaintiffs to sue, is a matter of fact which may properly be submitted to a jury with the other matters of defence on the merits, the whole being peremptory exceptions.

The facts on which a continuance is asked, should be established by affidavit.

Heirship may be established by parole evidence.

A verdict "*for the plaintiff*," without stating for what amount or object, is incorrect, and should be set aside, and a new trial granted.

A verdict and judgment which are deficient in the forms required by law, will be annulled and set aside; but when this court is in possession of all the facts and evidence necessary to pronounce definitely in a case, it will render such judgment as should have been given in the court below on the merits.

EASTERN DIST.
March, 1839.

HOSEA'S WIDOW
AND HEIRS
vs.
MILES.

only in specifying the sum which the plaintiff is to recover. We are, therefore, in possession of all the facts necessary to pronounce definitively.

It may, however, be contended, that as the law authorizes parties to require a trial by jury, when this is done and we are dissatisfied with their verdict, it becomes our duty to remand the case. As this court possesses the right, and is under the obligation of examining questions of fact, as well as those of law, and as it is not provided with a jury, it follows, that it may become its duty to pronounce on a question of fact, in direct opposition to the verdict of the jury; otherwise, there might be cases in which suitors could not be relieved in this court, from erroneous decisions below. No doubt was ever entertained that this court can correct the errors of inferior judges on matters of fact. "It is always with reluctance that we interfere with the verdict of the jury; but it is entitled to our regard in questions of fact only." 11 *Louisiana Reports*, 303, *Livaudais* vs. *Perret et al.* In such cases, we are bound to *regard*, but not to adopt the verdict, so as to make it the basis of our judgment. In cases in which doubt exists in our minds, we remand a case for the opinion of another jury; but if our doubts of the correctness of the verdict be very slight, we adopt it as the basis of our judgment, although our opinion differs from that of the jury. In the construction of the article of the code now under consideration, we held, in the cases of *Segond* vs. *Thomas*, 10 *Louisiana Reports*, 299, *Tippet* vs. *Jett*, 362, and *Hanse et al.* vs. *New-Orleans Marine and Fire Insurance Company*, 13, that when the sum found by the verdict is too large, or otherwise incorrect, the error of the jury is to be corrected by this court, without remanding the case.

Wherefore, it is further ordered, adjudged and decreed, that the plaintiffs recover from the defendant the amount of the note sued upon, to wit : the sum of five hundred dollars, with interest at five per cent. from the date of the protest, to wit, the 3d of April, 1838, and three dollars costs of protest ; the capacity of the plaintiffs to sue, and the execution and

protest of the note being duly proved. The costs of suit in the court below to be paid by the defendant; the plaintiffs and appellees paying the costs of the appeal.