Poché, J.'
Plaintiff seeks to recover fivethousand dollars as damages^ for a violent blow and a wound inflicted on him by the defendant with a pistol; and he has taken the present appeal from the verdict of a jury allowing him damages in the sum of one dollar and costs.
Although the evidence is somewhat conflicting, the record discloses the following state of facts:
While the plaintiff was engaged, in the month of May, 1881, in a law office in the courthouse of Bienville Parish, in assisting a committee of arbitration charged with the settlement of a commercial partnership formerly existing between the defendant and Mr. A. Cockerham, a son-in-law of plaintiff, the defendant Poland entered the room and urged objections to the further proceeding of the settlement, whereupon plaintiff protested against his interference, and asked him, with warmth, by what right he had come to disturb the settlement.
After stating that he would show to Scheen by what right he had come to that office, Poland crossed over to where Scheen was sitting at a table, and standing in his rear, he pulled out a pistol, with which he violently struck Scheen on the right side of the head, inflicting a painful wound, from which Scheen suffered for several days, and by which he was for sometime confined to his house, and incapacitated for business. , "
The defense was great provocation, resulting from the offehsive and insulting language used towards him by Scheen.
After a careful examination of the evidence, we are thoroughly convinced, as the jury must have believed, that the attack was unprovoked, premeditated, brutal and ferocious, and we are therefore at a loss to conceive the reasons or motives which prompted,,the jury to allow only nominal damages in such a'case.
*1108 There is no force in the argument urged by defendant,'that plaintiff was an intruder in the committee room, and that his objections to defendant’s presence in that room were impertinent and provoking. Even if such were the fact, that circumstance could not be weighed in mitigation of damages. But the evidence shows that the arbitration had been agreed upon and organized through the efforts of Scheen, for the laudable purpose of averting a lawsuit, and a bitter litigation between his son-in-law and Poland, who had, from partners, become personal enemies.
The circumstances of this case present the very features under which “ the law blends together the interest of society and of the aggrieved individual, and gives damages, not only to recompense the sufferer, but to punish the offender.” Sedgwick on the Measure of Damages, p. 36. Hona vs. Miller, 13 La. 110; Richardson vs. Zuntz, 26 An. 313; Decuir vs. Linx, 33 An. 393.
Although we fully recognize the wisdom of the rule which gives great weight to the verdict of a jury in questions so peculiarly within their province, yet as we are clothed with the power and charged with the responsibility of examining into the facts, as well as the law in such cases, we must do our duty, when we find that the jury have failed to perform theirs, and we must set aside their verdict when we are satisfied that it has not done justice.
This case loudly calls for the infliction of exemplary damages, which we feel compelled to allow, and which we shall fix at the sum of five hundred dollars. '
It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be amended, so as to increase the amount of damages allowed to five hundred dollars, and that as thus amended, said judgment be affirmed, at defendant’s costs, in both Courts.
Fenner, J., takes no part, being absent when the case was argued.